PER CURIAM.
This case is before us on remand from the Florida Supreme Court. In Grace v. Royal Indemnity Company, 858 So.2d 335 (Fla. 3d DCA 2003), this Court per curiam affirmed the trial court’s dismissal of the third amended complaint with prejudice, citing Inservices, Inc. v. Aguilera, 837 So.2d 464 (Fla. 3d DCA 2002^‘Aguilera I”). The Florida Supreme Court has since quashed Aguilera I. See Aguilera v. Inservices, Inc., 905 So.2d 84 (Fla.2005)(“Apmi-era II”).
Otto Grace and Ana Grace (“the Graces”), contend that Aguilera II dictates that they are entitled to proceed on their complaint for intentional infliction of emotional distress against Royal Indemnity Company and Karen Holloway. We disagree.
*1075 We disagree because the Graces’ complaint fails to allege sufficient facts to support a cause of action for an intentional infliction of emotional distress. Paul v. Humana Med. Plan, Inc., 682 So.2d 1119 (Fla. 4th DCA 1996)(liability for intentional infliction of emotional distress “found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community”); State Farm Mut. Auto. Ins. Co. v. Novotny, 657 So.2d 1210 (Fla. 5th DCA 1995). Accordingly, we affirm.
Affirmed.
GERSTEN and WELLS, JJ. concur.